# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**MARIA J. VALLEJO, ET AL.**                    **CIVIL ACTION**

**VERSUS**                                      **NO. 19-721-BAJ-SDJ**

**ALL WAYS AUTO TRANSPORT, LLC, ET AL.**

### <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 8, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MARIA J. VALLEJO, ET AL.**                                    CIVIL ACTION

**VERSUS**                                                        NO. 19-721-BAJ-SDJ

**ALL WAYS AUTO TRANSPORT, LLC, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion and Order for Leave to File First (1st) Supplemental and Amending Petition for Damages ("Motion for Leave"), filed by Plaintiffs on February 27, 2020. (R. Doc. 12). In their Motion for Leave, Plaintiffs seek to file an amended petition naming "Milford Casualty Insurance Company (formerly known as "Milwaukee Casualty Insurance Company")" ("Milford") as a defendant.[1] No opposition to the Motion for Leave has been filed.

For the reasons that follow, it is recommended[2] that the unopposed Motion for Leave be **GRANTED**, allowing Plaintiffs to file their First Supplemental and Amending Petition for Damages ("Amending Petition").[3] Upon granting the Motion for Leave, there will no longer be complete diversity of citizenship between the parties and the matter should be **REMANDED** to the 18th Judicial District Court ("JDC") for the Parish of West Baton Rouge, State of Louisiana, for lack for subject matter jurisdiction under 28 U.S.C. § 1332(a).

## I.    BACKGROUND

---

[1] R. Doc. 12.

[2] "Generally, a motion for leave to amend the pleadings is a nondispositive matter that may be ruled on by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)." *Cazares v. Morris*, No. 09-2168, 2011 WL 2414543, at *2 (D. Ariz. June 16, 2011) (citations omitted). However, because the decision regarding Plaintiffs' Motion for Leave will determine whether this Court continues to have diversity jurisdiction over this matter, and thus whether this matter should be remanded to state court, the motion is dispositive and a report and recommendation, rather than a ruling, is being issued relative to such motion. *See Vessell v. Wal-Mart Stores, Inc.*, No. 07-228, 2008 WL 2700010, at *2, n. 2 (M.D. La. July 9, 2008).

[3] R. Doc. 12-1.

On May 22, 2019, Plaintiffs filed a Petition for Damages against All Ways Auto Transport, LLC ("All Ways"), Kevin O. Somerville ("Somerville"), and ABC Insurance Company in the 18th JDC.[4] Plaintiffs allege that Somerville, while in the course and scope of his employment with All Ways, was driving a "tractor truck" and "crossed the center line," thereby causing a collision with Plaintiff Maria Vallejo's vehicle.[5] Also in the car were Plaintiff Maria Vallejo's son, daughter, and grandson, also named Plaintiffs in this matter.[6] It is alleged that all occupants suffered injuries.[7] Maria Vallejo's husband and another daughter were traveling in a nearby vehicle and witnessed the accident.[8] They, too, are named Plaintiffs in this case, asserting damages as bystanders.[9]

On October 18, 2019, All Ways removed this matter, asserting federal subject matter jurisdiction under 28 U.S.C. § 1332.[10] All Ways alleges that there is complete diversity of citizenship, as Plaintiffs are all citizens of Texas, Defendant Somerville is a citizen of California, and All Ways is a citizen of Illinois.[11] All Ways further alleges that the amount in controversy exceeds $75,000.00.[12]

On November 19, 2019, this Court ordered the removing Defendant to file an amended notice of removal to provide the citizenship of Defendants All Ways and Somerville. (R. Doc. 7). In response, All Ways filed an Amended Notice of Removal (R. Doc. 8) on December 2, 2019. In its initial Notice of Removal, All Ways claimed Illinois citizenship, given that it was both

---

[4] R. Doc. 1-2, p. 1.
[5] R. Doc. 1-2, p. 2 ¶ 8; p. 3 ¶¶ 10, 11.
[6] R. Doc. 9, p. 1, B.1.
[7] R. Doc. 9, p. 1, B.1.
[8] R. Doc. 9, p. 1, B.1.
[9] R. Doc. 9, p. 1, B.1.
[10] R. Doc. 1, p. 1.
[11] R. Doc. 1, p. 5 ¶¶ 14-16.
[12] R. Doc. 1, p. 7 ¶ 21.

incorporated and had its principal place of business in Illinois.[13]  However, All Ways is a limited liability corporation, the citizenship of which is based on the citizenship of all its members.[14]  In its Amended Notice of Removal, All Ways states that its sole member is Jordan Georgiev, a citizen and domiciliary of Illinois, thereby establishing its Illinois citizenship.[15]  All Ways also asserts that Somerville is a citizen and domiciliary of California, attaching a copy of Somerville's California driver's license to its Amended Notice of Removal.[16]

Subsequently, Plaintiffs filed their Motion for Leave at issue here.  In their attached proposed Amending Petition, Plaintiffs seek to add Milford as a named defendant, in place of "erroneously named" Defendant ABC Insurance Company.[17]  As stated in their proposed Amending Petition, Milford is "an insurance corporation Domiciled in and being a citizen of the State of Delaware, and additionally being a citizen of the State of Texas, its Principal Place of Business…"[18]  No Defendant filed an opposition to Plaintiffs' Motion for Leave.

## II.    LAW AND ANALYSIS

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Per Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." The court liberally construes Rule 15(a) in favor of amendment.[19]

However, when a post-removal amendment would destroy subject matter jurisdiction, 28

---

[13] R. Doc. 1, p. 5 ¶ 15.

[14] *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("the citizenship of a[n] LLC is determined by the citizenship of all its members").

[15] R. Doc. 8, p. 2 ¶ 15.  In support, All Ways attaches an affidavit from Jordan Georgiev to its Amended Notice of Removal attesting to this fact.  R. Doc. 8-1.

[16] R. Doc. 8, p. 2 ¶ 16; R. Doc. 8-1, pp. 3-4.  In addition, in the parties' joint Status Report (R. Doc. 9), All Ways references "a lone email response whereby Somerville confirmed he is still a citizen of California."  R. Doc. 9, p. 2.

[17] R. Doc. 12-1, p. 1.

[18] R. Doc. 12-1, p. 1 ¶ 1.

[19] *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981) (noting "the liberal position of the federal rules on granting amendments" and that Rule 15(a) "evinces a bias in favor of granting leave to amend.").

U.S.C. § 1447(e) applies. Section 1447(e) provides, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  Addition of a nondiverse defendant will divest the court of jurisdiction.[20]

When determining whether to allow joinder of a non-diverse party under § 1447(e), "justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits."[21] The *Hensgens* factors include: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been diligent in requesting an amendment; (3) whether the plaintiff will be significantly injured if the amendment is denied; and (4) any other factors bearing on the equities.[22]  Applying these factors, the *Hensgens* court held the post-removal joinder of a non-diverse, non-indispensable party destroys diversity jurisdiction, and the case must by remanded to state court.[23]

In their Petition for Damages, Plaintiffs state that they all are domiciled in Cameron County, Texas[24]; thus, they are citizens of Texas for diversity jurisdiction purposes.[25]  As noted in the Amended Notice of Removal, Defendant All Ways is a citizen of Illinois, and Defendant Somerville is a citizen of California.[26]

The issue here is the citizenship of Milford, which Plaintiffs state was incorporated in

---

[20] *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987).
[21] *Hensgens*, 833 F.2d at 1182.
[22] *Id.*  Although the Fifth Circuit decided *Hensgens* before the enactment of § 1447(e), the court has subsequently approved the application of the *Hensgens* factors to a § 1447(e) case. *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999); *Smith v. Lucas Tire Co., Inc.*, No. 94-2215, 1995 WL 57295, at *2 (E.D. La. Feb. 10, 1995).
[23] *Id.*
[24] R. Doc. 1-2, p. 1.
[25] *See Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (with respect to individuals, "[f]or diversity purposes, citizenship means domicile…").
[26] R. Doc. 8, p. 2 ¶¶ 15, 16.

Delaware with its principal place of business in Texas.[27]  For purposes of diversity jurisdiction, a corporation is a citizen both of the state in which it was incorporated and the state in which it has its principal place of business.[28]  Thus, like Plaintiffs, Milford is a citizen of Texas and, therefore, a non-diverse defendant.[29]

Because the addition of Milford as a defendant would destroy this Court's subject matter jurisdiction, the Court must apply the *Hensgens* factors to determine whether amendment of Plaintiffs' Petition to add non-diverse defendant Milford should be granted and this matter remanded.  Significantly, no party currently opposes the addition of Milford as a defendant.  No opposition to Plaintiffs' Motion for Leave has been filed, and more importantly, Plaintiffs' Motion for Leave contains a Local Rule 7(e) Certificate, certifying that Plaintiffs' counsel "conferred with all other counsel of record and have not received any opposition to the filing of [Plaintiffs' Motion for Leave]."[30]

In addition, all four *Hensgens* factors weigh in favor of granting Plaintiffs' Motion for Leave and allowing them to add Milford as a defendant. First, there is no indication that Plaintiffs' joinder of Milford is merely an effort to defeat diversity jurisdiction. Plaintiff's original Petition lists as a defendant ABC Insurance Company, "an unknown automobile insurance carrier of All Ways Auto Transport, LLC,"[31] thereby indicating Plaintiffs always intended to list All Ways' insurer as a named defendant.

Second, it does not appear that Plaintiffs have been dilatory in requesting this amendment. Plaintiffs' Motion for Leave was filed on February 27, 2020, within the February 28, 2020 deadline

---

[27] R. Doc. 1-2, p. 1 ¶1(b).
[28] *See Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, Ltd. Liability Corp.*, 757 F.3d 481, 483 (5th Cir. 2014).
[29] *See Allen v. Bank of America, N.A.*, 5 F. Supp. 3d 819, 828 (N.D. Tex. 2014) ("In diversity cases under 28 U.S.C. § 1332, each plaintiffs [sic] citizenship must be diverse from each defendant's citizenship…").
[30] R. Doc. 12, p. 2.
[31] R. Doc. 11-1, pp. 2-6.

for joining other parties or amending pleadings set in the Scheduling Order.[32]  Thus, the requested amendment was timely.

Third, the potential of injury to Plaintiffs if leave to amend is denied is a distinct possibility here.  If leave is denied, Plaintiffs may be forced to litigate their claims against Milford in a separate forum from the other Defendants, which "raises the possibility of inconsistent results in parallel state and federal proceedings."[33] "Part of the rationale behind the *Hensgens*  analysis is the avoidance of such inconsistencies."[34]

The Court finds no other equitable factors relevant to whether it should grant Plaintiffs' Motion for Leave.  Application of the *Hensgens* factors therefore favors granting Plaintiffs' request for leave.  Accordingly, it is recommended that Plaintiffs' Motion for Leave be granted and that upon the filing of the amended petition, this matter be remanded to state court.

## III.    CONCLUSION AND RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that Plaintiffs' Motion and Order for Leave to File First (1st) Supplemental and Amending Petition for Damages (R. Doc. 12) be **GRANTED** and this matter be **REMANDED** to the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, on July 8, 2020.


_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[32] R. Doc. 10, p. 1.
[33] *Mia Reed and Co., Ltd. V. United Fire & Cas. Co.*, No. H-10-4440, 2012 WL 2499932, at *9 (S.D. Tex. June 27, 2012).
[34] *Id.*